[Civ. No. 7568. Second Appellate District, Division One.—January 6, 1931.]

FRED YOUNG, Jr., Appellant, v. STATE ATHLETIC COMMISSION et al., Respondents.

Elmer J. Walther for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Warner J. Praul for Respondents.

HOUSER, J.—Section 3 of the State Athletic Act (Stats. 1925, pp. lxxxix, xc), includes the provision that the Commission created by such act be given "discretion" to issue licenses to conduct wrestling contests "to any club, corporation, organization or association which holds a lease of a term of at least one year of the premises" in which such contests are proposed to be held. Other rules governing the issuance of a license for the exhibition of athletic contests are either directly provided for by the statute, or, under the powers granted to the Commission, are prescribed by such Commission.

Acting under assumed compliance with the provisions of the statute, as well as with such regulations as theretofore

had been adopted by the Commission, the appellant in this proceeding presented his application to said Commission for a license by which he would be given the privilege of conducting wrestling bouts at the "Shrine Auditorium" in the city of Los Angeles. The application was denied. Thereupon, through the medium of a writ of mandate issued by the superior court, he sought to compel the Commission to issue to him such license. On return of the alternative writ and on hearing of the order to show cause therein, by order of the trial court the writ was discharged; and the petitioner has appealed to this court from such order or judgment.

Although much argument is presented by respective counsel with reference to the question of the right of the Commission to act "arbitrarily" in making its order by which the application of appellant for a license was denied, it is conceded that, under the provisions of the statute, the Commission was authorized to act within its "discretion" in the premises. Accordingly, if by considering the terms of the application itself, or by considering any other fact relevant to a determination by the Commission as to whether the license should be issued to the applicant, it appear either that the applicant failed to comply with the statutory requirements, or that a discretion free from abuse thereof was or may have been exercised by the Commission in reaching its conclusion, it is clear that its action in the premises cannot be reviewed or controlled either by the lower court, or in effect by this tribunal.

To the end that a sufficient reason may be discovered for the order by the Commission by which the application for a license was denied, it becomes pertinent to examine such application and a portion of the statute which relates to the issuance of such license. Reverting to the provisions of section 3 of the act to which attention hereinbefore has been directed, it will be noted that, leading to the issuance of a license, one of the requirements is that the applicant "holds a lease of a term of at least one year of the premises" in which the proposed contests are to be held.

The petition for a writ of mandate included the allegation that, with his application to the Commission for the license in question, there was filed by the applicant "a *contract*

by and between Al Malaikah Auditorium Company and petitioner, for the rent of the Shrine Civic Auditorium in the city of Los Angeles, . . . for the purpose of conducting wrestling bouts, . . . a true and correct copy of which is attached hereto'', etc.

An examination of the copy of the so-called ''contract'' discloses what purports to be a letter written on the letter-head of the ''Shrine Civic Auditorium'', addressed to appellant herein, signed ''Geo. J. Ramsey, Secretary-Treasurer'', and ''accepted'' by appellant. On the face of the letter-head appears the name of the president and the names of the directors—supposedly of the Al Malaikah Auditorium Company. In part, the instrument is to the effect that ''this letter may be used as a contract wherein the Al Malaikah Auditorium Company hereby agrees to rent to you for a period of one year from date the Shrine Civic Auditorium, . . . ''. But by the closing paragraph of the letter, ''Al Malaikah Auditorium Company reserves the right, upon a thirty-day written notice, to cancel this contract.''

Aside from any question which properly might have been interposed by the Commission relative to the authority of ''Geo. J. Ramsey, Secretary-Treasurer'', to enter into a binding contract or lease on behalf of the Al Malaikah Auditorium Company, it will be noted that the so-called ''contract'' was not and does not purport to have been signed by Al Malaikah Auditorium Company; and that said ''contract'', although in apparent compliance with the statutory requirement of a tenancy by the applicant for a period of ''at least one year'', in fact was cancelable by ''Geo. J. Ramsey, Secretary-Treasurer'', or possibly by his supposed principal, Al Malaikah Auditorium Company, ''upon a thirty-day written notice''. But also of some importance was the failure on the part of the applicant for the license to produce a *lease* of the premises in which he proposed to conduct wrestling bouts. Although the letter or ''contract'' was ''accepted'' by the proposed lessee, it was capable of the construction that as between the interested parties a lease would or might be entered into at a future date on the terms specified in the so-called ''contract''. At any rate, in form the ''contract'' was not a *lease*. If it created an enforceable right to a lease, it was cancelable ''upon a thirty-day written notice'' by ''Geo. J. Ramsey, Sec-

retary-Treasurer'', or possibly by the Al Malaikah Auditorium Company. But, assuming the actual authority in Geo. J. Ramsey to enter into a ''contract'' or lease such as is and was required by the terms of the statute, the record herein fails to disclose that the applicant presented to the Commission any tangible evidence of the existence of such authority.

Without reference to other apparent defects either in the application, or in the ''contract'', but considering such aforementioned conditions only, of which it is not altogether improbable that the Commission took notice, the justification as a matter of law of the rejection by the Commission of the application for ,a license becomes apparent. Viewed from the standpoint either that the application failed to comply with statutory requirements, or that the attempted compliance was so questionable that if the other several defects appearing therein were waived by the Commission, the granting of a license in such circumstances might prove an embarrassing precedent—on the one hand, in the faithful performance of its duties the Commission was compelled to deny the application; and, on the other hand, in the exercise of that ''discretion'' vested in it by the terms of the statute, the Commission was authorized to take the action on the application to which appellant herein takes exception.

Each of the several applications by appellant for leave to produce additional evidence relative to the extension of the ''contract'' here involved is denied. The appeal from each of the several orders specified by appellant in his notice of appeal is dismissed; and the .judgment rendered by the trial court is affirmed.

Conrey, P. J., and York, J., concurred.